CSM Legal, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
ROLANDO SALAZAR, *individually and on behalf of others similarly situated,*

                    *Plaintiff,*

-against-

FRANK BAHAR REAL ESTATE CORP and
FRANK BAHAR,

                    *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Rolando Salazar ("Plaintiff Salazar or "Mr. Salazar), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against Frank Bahar Real Estate Corp, ("Defendant Corporation") and Frank Bahar, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Salazar is a former employee of Defendants Frank Bahar Real Estate Corp. and Frank Bahar.

2. Defendants own, operate, or control a real estate corporation, located at 73-26 Yellowstone Blvd, Forest Hills, New York 11375.

3. Upon information and belief, individual Defendant Frank Bahar, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated at least nine (9) apartment buildings as a joint or unified enterprise.

4. Plaintiff Salazar was employed as a superintendent at nine (9) apartment buildings in Forest Hills, Queens, New York that Defendants owned. Plaintiff lived at one of the locations located at 112-14 76th Rd, Forest Hills, NY 11375.

5. At all times relevant to this Complaint, Plaintiff Salazar worked for Defendants without appropriate minimum wage compensation for the hours that he worked. In fact, Plaintiff was not paid any wages for his entire employment. Rather, Defendants permitted Plaintiff to live in the building while requiring him to pay a reduced amount on rent.

6. Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Salazar appropriately for any of his hours worked.

7. Defendants' conduct extended beyond Plaintiff Salazar to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Salazar and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

9. Plaintiff Salazar now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Salazar seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Salazar's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a real estate corporation located in this district. Further, Plaintiff Salazar was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Rolando Salazar ("Plaintiff Salazar or "Mr. Salazar) is an adult individual residing in Queens County, New York.

14. Plaintiff Salazar was employed by Defendants at Frank Bahar Real Estate Corp. from approximately February 2009 until on or about December 20, 2021.

15. Plaintiff Salazar consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants own, operate, or control a real estate corporation, located in the Forest Hills section of Queens, New York.

17. Upon information and belief, Frank Bahar Real Estate Corp is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 73-26 Yellowstone Blvd, Forest Hills, New York 11375.

18. Defendant Frank Bahar is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Frank Bahar is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Frank Bahar possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages

and compensation of the employees of Defendants, including Plaintiff Salazar, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

19. Defendants operate a real estate corporation located in the Forest Hills neighborhood of Queens, New York.

20. Individual Defendant, Frank Bahar, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

21. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

22. Each Defendant possessed substantial control over Plaintiff Salazar's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Salazar, and all similarly situated individuals, referred to herein.

23. Defendants jointly employed Plaintiff Salazar (and all similarly situated employees) and are Plaintiff Salazar's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

24. In the alternative, Defendants constitute a single employer of Plaintiff Salazar and/or similarly situated individuals.

25. Upon information and belief, Individual Defendant Frank Bahar operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

      a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

      b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

      c) transferring assets and debts freely as between all Defendants,

      d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

      e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

      f) intermingling assets and debts of his own with Defendant Corporation,

      g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

      h) Other actions evincing a failure to adhere to the corporate form.

26. At all relevant times, Defendants were Plaintiff Salazar's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Salazar, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Salazar's services.

27. From 2016 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000.

*Individual Plaintiff*

28. Plaintiff Salazar is a former employee of Defendants who was employed as a superintendent.

29. Plaintiff Salazar seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Rolando Salazar*

30. Plaintiff Salazar was employed by Defendants from approximately February 2009 until on or about December 20, 2021.

31. Defendants employed Plaintiff Salazar as a superintendent of nine (9) buildings.

32. Plaintiff Salazar regularly handled goods in interstate commerce, such as materials and other supplies produced outside the State of New York.

33. Plaintiff Salazar's work duties required neither discretion nor independent judgment.

34. From approximately May 2016 until on or about December 20, 2021, Plaintiff Salazar worked from Monday to Sunday approximately 30 hours per week.

35. Throughout his employment, Defendants did not pay Plaintiff any wages for his work; rather, Defendants allowed him to live in one of the buildings they owned for a reduced rent.

36. Defendants never granted Plaintiff Salazar any breaks or meal periods of any kind.

37. Plaintiff Salazar was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

38. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Salazar regarding overtime and wages under the FLSA and NYLL.

39. Defendants did not provide Plaintiff Salazar an accurate statement of wages, as required by NYLL 195(3).

40. Defendants did not give any notice to Plaintiff Salazar, in English and in Spanish (Plaintiff Salazar's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

41. Defendants required Plaintiff Salazar to purchase "tools of the trade" with his own funds—including mops, brooms, cleaning supplies, and masks.

*Defendants' General Employment Practices*

42. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Salazar (and all similarly situated employees) to work without paying him appropriate minimum wage as required by federal and state laws.

43. Plaintiff Salazar was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

44. Defendants' pay practices resulted in Plaintiff Salazar not receiving payment for all his hours worked, and resulted in Plaintiff Salazar's effective rate of pay falling below the required minimum wage rate.

45. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

46. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

47. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Salazar (and similarly situated individuals) worked, and to avoid paying Plaintiff Salazar properly for his full hours worked.

48. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

49. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Salazar and other similarly situated former workers.

50. Defendants failed to provide Plaintiff Salazar and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

51. Defendants failed to provide Plaintiff Salazar and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

52. Plaintiff Salazar brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

53. At all relevant times, Plaintiff Salazar and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records under the FLSA.

54. The claims of Plaintiff Salazar stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

55. Plaintiff Salazar repeats and realleges all paragraphs above as though fully set forth herein.

56. At all times relevant to this action, Defendants were Plaintiff Salazar's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Salazar (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

57. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

58. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

59. Defendants failed to pay Plaintiff Salazar (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

60. Defendants' failure to pay Plaintiff Salazar (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

61. Plaintiff Salazar (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

62. Plaintiff Salazar repeats and realleges all paragraphs above as though fully set forth herein.

63. At all times relevant to this action, Defendants were Plaintiff Salazar's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Salazar, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

64. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Salazar less than the minimum wage.

65. Defendants' failure to pay Plaintiff Salazar the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

66. Plaintiff Salazar was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

67. Plaintiff Salazar repeats and realleges all paragraphs above as though fully set forth herein.

68. Defendants failed to provide Plaintiff Salazar with a written notice, in English and in Spanish (Plaintiff Salazar's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

69. Defendants are liable to Plaintiff Salazar in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

70. Plaintiff Salazar repeats and realleges all paragraphs above as though fully set forth herein.

71. With each payment of wages, Defendants failed to provide Plaintiff Salazar with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

72. Defendants are liable to Plaintiff Salazar in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

73. Plaintiff Salazar repeats and realleges all paragraphs above as though fully set forth herein.

74. Defendants required Plaintiff Salazar to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

75. Plaintiff Salazar was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Salazar respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Salazar and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Salazar's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Salazar and the FLSA Class members;

(e) Awarding Plaintiff Salazar and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Salazar and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Salazar;

(h) Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiff Salazar's compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Salazar;

(j) Awarding Plaintiff Salazar damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages as applicable

(k) Awarding Plaintiff Salazar damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff Salazar liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m) Awarding Plaintiff Salazar and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Salazar and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Salazar demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

May 13, 2022

CSM LEGAL, P.C

        By: /s/ Catalina Sojo, Esq.
           Catalina Sojo [CS-5779517]
           60 East 42nd Street, Suite 4510
           New York, New York 10165
           Telephone: (212) 317-1200
           Facsimile: (212) 317-1620
           *Attorneys for Plaintiff*

# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

BY HAND

January 10, 2022

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
(**Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.**)

Name / Nombre: _____Rolando Salazar_____

Legal Representative / Abogado: _____CSM Legal, P.C._____

Signature / Firma: _____

Date / Fecha: _____10 de Enero 2022_____